# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10850

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Treveon Dominique Anderson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1750
USDC No. 3:14-CR-340-9

———————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Treveon Dominique Anderson, federal prisoner # 07559-479, seeks to proceed in forma pauperis (IFP) on appeal from the district court's order transferring his Federal Rule of Civil Procedure 60(b)(1) motion to this court as an unauthorized successive 28 U.S.C. § 2255 motion.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10850

In his brief, Anderson contends that the district court abused its discretion in construing his Rule 60(b)(1) motion as a successive § 2255 motion. He renews his arguments challenging the district court's failure during his § 2255 proceedings to allow him the opportunity to correct his reply memorandum and certain exhibits to include the "procedural language" required under 28 U.S.C. § 1746(2), and he contends that such arguments were properly brought pursuant to Rule 60(b) because they challenged the integrity of his § 2255 proceedings. In addition, Anderson argues that the district court should have, "at the very least," qualified his notarized alibi witness affidavits as competent evidence. However, he did not raise this argument regarding the alibi witness affidavits in the district court, and we therefore will not consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Regardless of Anderson's characterization of his motion, it did not allege a defect in the integrity of the § 2255 proceedings and instead effectively asked the district court to reconsider its merits-based denial of his claims in light of the court's refusal to consider exhibits that Anderson admittedly failed to verify due to his status as a non-lawyer. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & nn.4-5 (2005). Consequently, Anderson has not shown any arguable error in the district court's decision construing his purported Rule 60(b)(1) motion as an unauthorized successive § 2255 motion and transferring it to this court. *See id.* at 532 & nn.4-5; *United States v. Fulton*, 780 F.3d 683, 685-86 (5th Cir. 2015).

In light of the foregoing, Anderson fails to demonstrate that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.

2

No. 24-10850

*See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.